UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH RANSOM,<br><br>   Petitioner,<br><br>   v.<br><br>UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLUMBIA,<br><br>   Respondent. | Civil Action No.  17-375 (JEB) |

### MEMORANDUM OPINION

*Pro se* Petitioner Joseph Ransom brings this action seeking a writ of habeas corpus, money damages, and a declaration that Public Law 80-772 (from 1947) is "unconstitutional and void abinitio." ECF No. 1 (Petition) at 11, 33.  More specifically, he asserts that Congress passed Public Law 80-772, which, in part, grants jurisdiction to federal district courts over "all offenses against the laws of the United States," without the congressional quorum required by the Constitution.  Id. at 11.  Because Ransom was apparently tried in such a court under such a law, he argues that this unidentified federal district court lacked jurisdiction to oversee his trial, conviction, and eventual imprisonment in a federal correctional institution in Littleton, Colorado. Id.  To right this purported wrong, he asks that this Court now release him from incarceration, declare him innocent, award him "$3,500 per day of [his] illegal incarceration," and order that he not pay taxes on such amount (or ever again).  Id. at 33.

The gravamen of Ransom's Petition is that his conviction should be overturned because the jurisdictional statute under which he was convicted is unconstitutional.  "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may

1

test the legality of his detention." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citation omitted). A prisoner's challenge to the jurisdiction of the federal court imposing his sentence must thus be raised as a motion under § 2255 to vacate, set aside, or correct his sentence. Id.; see also Taylor v. U.S. Bd. of Parole, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that attack on constitutionality of statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255). Such a motion, moreover, must be filed in the court that imposed the sentence unless the prisoner can show that such a "remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see Stephens, 464 F.3d at 897.

Ransom's claim for relief has several fatal problems. First, he offers no proof that this is the appropriate forum for adjudication of his Petition; in other words, this Court has no idea whether he was convicted and sentenced here. Ransom, moreover, makes no claim that a motion in his sentencing court – wherever located – would be inadequate or ineffective to address his claim.

Finally, even if he could bring this action here, his Petition must still be dismissed as frivolous. As other courts have explained in great detail, his contention that Congress did not lawfully pass Public Law 80-772 in 1947 is "utterly baseless" and nothing more than a widespread "[jailhouse] rumor." Goodman v. Levi, No. 07-4838, 2007 WL 4241894, at *2 (E.D. Pa. Nov. 29, 2007). In fact, dozens of federal district courts from around the country have already uniformly dismissed identical claims as wholly frivolous. Cardenas-Celestino v. United States, 552 F. Supp. 2d 962, 966-67 (W.D. Mo. 2008) (collecting cases). This Court, without repeating the whole sordid tale here, concurs in the exhaustive efforts made by these courts to debunk this jailhouse theory as lacking in any merit.

To the extent that Ransom also seeks damages for his allegedly illegal confinement, moreover, this claim also fails. As the Supreme Court instructs:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid[,] . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Because Ransom does not demonstrate that his conviction or sentence has been reversed or otherwise invalidated, his claim for damages must also be dismissed. See, e.g., Johnson v. Williams, 699 F. Supp. 2d 159, 171 (D.D.C. 2010), aff'd sub nom. Johnson v. Fenty, No. 10-5105, 2010 WL 4340344 (D.C. Cir. Oct. 1, 2010).

The Court will, accordingly, dismiss the Petition because it does not appear that this district is the appropriate forum and because Ransom otherwise fails to state a claim upon which relief can be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). A contemporaneous Order so stating will be issued today.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: April 6, 2017

3